1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  Marguerite L. Jonak (State Bar No. 143979)
     *marguerite.jonak@manningkass.com*
3  David Fleck (State Bar No. 192912)
     *David.Fleck@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
8  Attorneys for Defendants, NAPHCARE,
   INC., NAPHCARE OF SAN DIEGO,
   LLC, and NHI NGOC DAI

9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

| | |
|---|---|
| MARITZA BENITEZ, an individual and as successor-in-interest to Decedent JOSE RAMON CERVANTES CONEJO; and JOSE ALBERTO QUINTERO, individually and as successor-in-interest to Decedent JOSE RAMON CERVANTES CORNEJO, | Case No. 3:25-cv-1143-TWR-DDL Consolidated with: 3:25-cv-1823 (Assigned to Judge Todd W. Robinson) |
| Plaintiffs, | **NAPHCARE DEFENDANTS' EX PARTE APPLICATION FOR RELIEF FROM ORDER STRIKING REPLIES** |
| v. | |
| COUNTY OF SAN DIEGO; CITY OF ESCONDIDO; JAMES ALBERGO; PAUL MATA; DANA CASTLEBERRY; NHI NGOC DAI; NAPHCARE, INC.; NAPHCARE OF SAN DIEGO, LLC; and DOES 1 through 50, inclusive, | |
| Defendants. | |

24     Defendants Nhi Ngoc Dai ("Defendant Dai"), NaphCare, Inc., and NaphCare

25  of San Diego, LLC (collectively, "NaphCare Defendants") respectfully apply *ex*

26  *parte* for relief from the Court's December 9, 2025 order (Dkt. 50) striking their

27  reply briefs (Dkts. 46, 47).

28     NaphCare Defendants seek narrow procedural relief: permission to file either

1

(1) the two reply briefs previously submitted, (2) a single consolidated reply of equivalent length, or (3) any form of reply the Court deems appropriate. Good cause supports this request because the striking order appears to reflect a reasonable misunderstanding of how the Chambers Rules apply in the unique procedural posture of this consolidated-but-not-merged case, where separate plaintiff groups filed separate oppositions and standing issues remain unresolved. *Ex parte* relief is warranted because the hearing is eight days away and regular motion notice is not possible.

This Application is based on the accompanying Memorandum of Points and Authorities, the Declaration of David L. Fleck, the pleadings and records on file, and any further evidence or argument the Court may permit. NaphCare Defendants have provided notice pursuant to S.D. Cal. CivLR 83.3(g).

DATED:  December 11, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____

David L. Fleck
Attorneys for Defendants, NAPHCARE,
INC., NAPHCARE OF SAN DIEGO,
LLC, and NHI NGOC DAI

MANNING | KASS

NAPHCARE DEFENDANTS' EX PARTE APPLICATION
FOR RELIEF FROM ORDER STRIKING REPLIES

MANNING | KASS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Good cause exists because the two oppositions raise distinct issues tied to separate operative complaints. Without replies, certain arguments will not be addressed and the Court will not have a complete or balanced record. Although the cases were consolidated, the pleadings were not merged and Plaintiffs chose to file two full-length oppositions raising different factual and legal points. NaphCare Defendants filed targeted replies to those arguments, but the Court struck them under Robinson Standing Order § III.B.3, which governs opening motions and does not address reply briefing or the posture of consolidated but unmerged complaints.

The hearing is set for December 18, 2025, and S.D. Cal. CivLR 7.1(e)(1) requires 28 days of notice, which makes *ex parte* relief the only timely method of obtaining clarification. The requested relief imposes no burden on Plaintiffs and requires no continuance, and Plaintiffs would reasonably expect replies to their separate oppositions in ordinary federal practice. Because the striking order is interlocutory, the Court has full authority to revise or clarify it.

NaphCare Defendants respectfully request permission to file reply briefing in whatever format the Court finds appropriate.

## II.     PROCEDURAL HISTORY

Plaintiff Group A filed a civil rights lawsuit on March 25, 2025, arising out of the death of Jose Ramon Cervantes Conejo. Plaintiff Group B filed a separate and distinct civil rights lawsuit in federal court on May 5, 2025 (Dkt. 1), also arising out of Mr. Cervantes Conejo's death. Although the complaints concern related events, they assert overlapping but non-identical claims and rest on distinct factual allegations. The state-court action was removed to federal court on July 18, 2025 (Dkt. 1, 25-cv-01823), and the Court consolidated the two actions on September 2, 2025 (Dkt. 12). The consolidation order did not merge the pleadings, and the question of which plaintiffs, if any, have standing to pursue particular claims

3

1    remains unresolved.

2        NaphCare Defendants initially filed separate motions to dismiss directed to

3    the distinct allegations in each complaint (Dkts. 31, 36). The Court subsequently

4    issued an order referencing Robinson Standing Order § III.B.3 (Dkt. 37), which

5    requires parties presenting multiple motions for hearing on the same date to

6    consolidate their moving briefs. To comply, NaphCare Defendants refiled a single

7    consolidated 25-page motion to dismiss (Dkt. 38), combining and eliminating

8    arguments that previously spanned approximately 50 pages of separate briefing.

9    Plaintiff Group A then filed a 25-page opposition (Dkt. 45), and Plaintiff Group B

10   filed its own 25-page opposition (Dkt. 43). The oppositions present overlapping but

11   also materially distinct arguments, including issues unique to each complaint's

12   factual content and legal theories.

13       To address the distinct issues raised by the two oppositions, NaphCare

14   Defendants filed two separate five-page reply briefs (Dkts. 46, 47), each responding

15   only to the arguments made in the corresponding opposition and without expanding

16   beyond what was necessary. On December 9, 2025, the Court struck both reply

17   briefs (Dkt. 50), referencing Robinson Standing Order § III.B.3, which by its text

18   governs opening motions but does not address reply briefing. The hearing on the

19   consolidated motion to dismiss is set for December 18, 2025, eight days from the

20   filing of this Application. Regular motion practice under S.D. Cal. CivLR 7.1(e)(1)

21   requires 28 days' notice, making ex parte relief the only available mechanism for

22   timely resolution.

## III.    GOOD CAUSE EXISTS FOR RELIEF FROM THE STRIKING
### ORDER

### A. The Chambers Rule Can Reasonably Be Interpreted to Apply Only to Opening Motions and Not to Reply Briefs

27       Robinson Standing Order § III.B.3 provides:

28       When the same party (or more than one party represented by the same

4

MANNING | KASS

MANNING | KASS

counsel) notices multiple motions for the same hearing date, the motions must be briefed together in a single memorandum of points and authorities not to exceed twenty-five (25) pages in length.

By its terms, the Rule addresses the consolidation of opening motions and limits the length of the combined moving papers. It does not speak to reply briefs, does not purport to govern briefing at later stages, and does not appear to contemplate the unique posture presented here: consolidated actions in which the operative complaints remain separate and, as a result, the oppositions also remain separate. In this context, it was reasonable for NaphCare Defendants to understand the Standing Order as applying only to the initial motion, not to replies filed in response to distinct opposition briefs.

**B. Plaintiffs Filed Separate Twenty-Five-Page Oppositions, Creating Distinct Sets of Arguments That Must Be Addressed**

Because the pleadings remain unmerged, each plaintiff group filed a separate, full-length opposition. Each opposition includes arguments unique to that group alone. Without replies, those group-specific arguments will receive no response from NaphCare Defendants, leaving the Court with an incomplete presentation of the issues and a record that does not reflect both sides' positions on several matters raised in the oppositions. Limited reply briefing is therefore necessary to ensure the Court has a balanced and accurate record on which to decide the motion.

**C. A Single Five-Page Reply Cannot Meaningfully Address Two Separate Twenty-Five-Page Oppositions**

To comply with the Standing Order, NaphCare Defendants condensed what had been approximately 50 pages of legal argument into a single 25-page consolidated motion. Plaintiffs, by contrast, filed two separate full-length oppositions, together totaling 50 pages. Requiring a single five-page reply to respond to the combined arguments in both oppositions would not allow NaphCare Defendants to meaningfully address the issues presented and would risk generating an incomplete or confusing record. Allowing two short replies, or alternatively a

5

single modestly expanded consolidated reply, would promote clarity and efficiency while keeping the briefing within reasonable and proportional limits.

### D. Allowing Limited Reply Briefing Promotes Fairness and Preserves the Balance of the Adversarial Process

Limited reply briefing is also warranted to maintain fairness and proportionality in the adversarial process. Under the Standing Order, NaphCare Defendants' opening brief was restricted to 25 pages. If replies remain stricken, NaphCare Defendants will have presented only those 25 pages of argument, while Plaintiffs will have presented a combined 50 pages of opposition tailored to their separate pleadings. That imbalance is further compounded by the pleadings themselves, which remain separate and span approximately 53 pages for Plaintiff Group A and 25 pages for Plaintiff Group B. Plaintiffs therefore enter the hearing with substantially more space to articulate their theories of liability, while NaphCare Defendants remain constrained by a single condensed brief addressing two separate complaints.

NaphCare Defendants do not seek expanded briefing or any substantive advantage. They seek only the opportunity to file concise replies responding to the distinct arguments Plaintiffs elected to raise separately. Permitting such replies will restore the typical structure of motion practice – where a movant may address the opposition's arguments – and will ensure the Court has the benefit of a complete, balanced, and organized record before deciding the pending motion.

## IV. *EX PARTE* RELIEF IS APPROPRIATE BECAUSE OF THE IMMINENT HEARING

### A. Regular Motion Noticing Requirements Cannot Be Met

Under S.D. Cal. CivLR 7.1(e)(1), a regularly noticed motion requires 28 days' notice. With the hearing on the consolidated motion to dismiss set for eight days from the filing of this Application, NaphCare Defendants cannot obtain relief through standard notice procedures. *Ex parte* consideration is therefore required to

6

allow the Court to resolve the issue in time to ensure orderly and fair presentation at the scheduled hearing.

**B. NaphCare Defendants Will Suffer Irreparable Prejudice Without Immediate Relief**

Absent limited reply briefing, Plaintiffs' arguments – including arguments raised for the first time in their separate oppositions – will remain unrebutted. This briefing asymmetry would materially disadvantage NaphCare Defendants at the hearing and could impede the Court's ability to evaluate issues that were condensed or omitted from the consolidated opening brief in order to comply with the Chambers Rule. Because the hearing will occur before a regularly noticed motion could be heard, the resulting prejudice cannot be mitigated after the fact. Once the hearing concludes, the opportunity to ensure a complete and accurate record will have passed.

**C. Plaintiffs Will Suffer No Prejudice**

Granting the requested relief will not prejudice Plaintiffs. The application seeks only permission for NaphCare Defendants to file reply briefs addressing the distinct arguments raised in Plaintiffs' separately filed oppositions. The replies will not expand the scope of the issues before the Court, introduce new theories, or increase the overall volume of briefing beyond what is reasonably necessary to ensure a balanced presentation.

In the ordinary course of federal motion practice, any party filing an opposition would expect that the movant will have an opportunity to reply. That expectation is embedded in the structure of S.D. Cal. CivLR 7.1 and in federal practice more broadly, where replies serve the important function of clarifying what issues are genuinely disputed and responding to matters raised for the first time in the opposing papers. Permitting replies here simply aligns this consolidated matter with standard procedural norms and prevents Plaintiffs from obtaining, through procedural happenstance, a significant and inequitable tactical advantage.

Moreover, Plaintiffs have already submitted two full-length oppositions totaling 50 pages, reflecting the existence of separate operative complaints. Allowing corresponding replies ensures that each set of arguments is addressed in a focused and organized manner. Plaintiffs will not be required to submit any further briefing, and no continuance or alteration of the hearing date is requested. The relief thus imposes no burden on Plaintiffs, does not affect the schedule, and does not alter their substantive rights.

Finally, permitting limited reply briefing promotes clarity for both sides and assists the Court by ensuring that the record accurately reflects the distinct issues raised by each plaintiff group. Ensuring that the briefing is complete and balanced benefits all parties and enhances the Court's ability to resolve the motion efficiently and fairly.

## V.    THE COURT HAS DISCRETION TO GRANT THE REQUESTED RELIEF

The striking order is interlocutory, and the Court has full authority to revise or clarify it. Federal Rule of Civil Procedure 54 provides that an order that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Consistent with this principle, the Ninth Circuit has held that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This inherent and rule-based authority comfortably encompasses procedural orders addressing briefing structure, and it permits the Court to provide the limited clarification and relief sought so that the issues may be presented on a complete and balanced record.

8

MANNING | KASS

## VI.    CONCLUSION

For the reasons set forth above, NaphCare Defendants respectfully request limited relief from the order striking their reply briefs. Allowing replies will ensure a complete and balanced record and will assist the Court in resolving the pending motion efficiently and fairly. NaphCare Defendants therefore ask the Court to permit reply briefing in the format the Court deems appropriate.

DATED:  December 11, 2025          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____
David L. Fleck
Attorneys for Defendants NAPHCARE,
INC., NAPHCARE OF SAN DIEGO,
LLC, and NHI NGOC DAI

9