MAURIZIO A. MANGINI, Esq. Bar #158432
2424 Vista Way, Suite 200
Oceanside, CA 92054
Tel: 760-722-7567
Email: mmangini@northcountylaw.com

SUZANNE SKOLNICK, Esq., Bar #211076
2170 S. El Camino Real, #206
Oceanside, CA 92054
Telephone: (760) 585-7092
Email: suzanne@skolnicklawgroup.com
Attorneys for Plaintiffs, Estate of Jose Ramon Cervantes Conejo; Guadalupe Conejo Ramirez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOSE RAMON CERVANTES CONEJO by and through its Substituted Successor-In-Interest, FABIAN CERVANTES GARCIA; And GUADALUPE CONEJO RAMIREZ,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL MATA; DANA CASTLEBERRY; NHI NGOC DAI; NAPHCARE, INC.; NAPHCARE OF SAN DIEGO, LLC; NOMINAL DEFENDANT MARITZA BENITEZ; NOMINAL DEFENDANT JOSE ALBERTO QUINTERO and DOES 1-35, Inclusive,<br><br>        Defendants. | Case Nos.: 25-CV-01143 TWR (DDL); 25-CV-01823 TWR (DDL)<br><br>**PLAINTIFFS GARCIA/RAMIREZ'S OPPOSITION TO NAPHCARE DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR RELIEF FROM ORDER STRIKING REPLIES [DKT. 51]**<br><br><br>**Judge: Hon. Todd W. Robinson** |

i

Plaintiffs Estate of Jose Ramon Cervantes Conejo by and through its successor-in-interest Fabian Cervantes Garcia and Guadalupe Conejo Ramirez (collectively "Garcia/Ramirez") hereby submit the following Opposition to Naphcare Defendants' Ex Parte Application For Relief From Order Striking Replies [Dkt. 51]

## I. Introduction

Naphcare Defendants repeatedly violated this Court's Civil Standing Order Section III.B.3 which requires counsel to "make every effort to coordinate and consolidate the briefing" or use the notice-of-joinder procedure to avoid duplication in briefing. Despite this Court striking Naphcare Defendants' Motions to Dismiss Plaintiffs' operative complaints citing Section III.B.3 of the Court's Standing Order and Naphcare Defendants later filing a consolidated motion to dismiss 18 days late – Naphcare Defendants then willfully violated the Court's Order again by failing to consolidate its Reply briefs. The Court should deny Naphcare Defendants' request for relief as Naphcare Defendants (1) have not met the criteria for seeking *ex parte* relief; (2) did not include a proposed consolidated Reply with its *ex parte* paperwork; (3) unreasonably delayed in seeking the relief; and (4) caused prejudice to Plaintiffs in their preparation for the December 18, 2025, hearing on the pending motions to dismiss.

## II. Background Facts

Naphcare first violated the Court's Standing Order on October 10, 2025, when it filed an unconsolidated Motion to Dismiss the Benitez/Quintero Plaintiffs complaint [Dkt. 31 in Case #25-CV-01143] which was then stricken by the Court. Naphcare Defendants then filed an unconsolidated Motion to Dismiss Garcia/Ramirez Plaintiffs' Second Amended Complaint ("SAC") on October 10, 2025 [Dkt. 18 in Case #25-CV-01823] which was stricken because it was not filed in the lead case in compliance with this Court's consolidation order [Dkt. 19 in

1

PLAINTIFFS GARCIA/RAMIREZ'S OPPOSITION TO NAPHCARE DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM ORDER STRIKING REPLIES [DKT. 51]

1  Case #25-CV-01823]. Next, Naphcare Defendants waited until October 16, 2025,
2  to withdraw their motion to dismiss Garcia/Ramirez's SAC [Dkt. 34 in Case #25-
3  CV-01143]. Naphcare Defendants then waited until October 21, 2025, to re-file
4  their unconsolidated Motion to Dismiss Garcia/Ramirez's SAC. [Dkt. 36 in Case
5  #25-CV-01143]. This Court again struck Naphcare Defendants' motion and
6  reminded the parties on October 21, 2025, of the need to file consolidated briefs.
7  [Dkt. 37 in Case #25-CV-01143]. Thereafter, Naphcare Defendants waited until
8  October 28, 2025, to finally file (without leave of court) an untimely consolidated
9  motion to dismiss Plaintiffs' complaints [Dkt. 38 in Case#25-CV-01143.]
10  Naphcare's consolidated motion was <u>18 days late</u> as the Court has previously set
11  <u>October 10, 2025</u> as the deadline for Naphcare Defendants to file a responsive
12  pleading to Garcia/Ramirez's SAC. [Dkt. 14 in Case#25-CV-01823]. Naphcare
13  Defendants then filed on December 4, 2025, two separate unconsolidated Reply
14  briefs [Dkts. 46, 47 in Case#25-CV-01143] which were struck by this Court on
15  December 5, 2025, for again failing to comply with the Court's Standing Order
16  III.B.3. requiring consolidated briefs. [Dkt.50 in Case# 25-CV-01143].

17  Rather than immediately file a consolidated Reply on December 5, 2025,
18  and/or immediately seek *ex parte* relief from this Court with a copy of the
19  proposed consolidated Reply brief attached, Naphcare Defendants instead waited
20  until December 11, 2025, to file the present *ex parte* request for relief. [Dkt. 51 in
21  Case#25-CV-01143]. The hearing on the pending motions to dismiss Plaintiffs'
22  operative complaints is next week - December 18, 2025.

23  **III.  Legal Standard**

24  *Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas.
25  Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the
26  moving party must show that it will suffer irreparable harm if the motion is not
27  heard on an expedited schedule and that it either did not create the circumstances
28

warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492; *see also Hammett v. Sherman*, No. 19-CV-605 JLS (LL), 2019 U.S. Dist. LEXIS 227813, 2019 WL 8013763, at *1 (S.D. Cal. Sept. 23, 2019). Naphcare Defendants have failed to make either showing in their Application.

### IV.     Argument

Naphcare Defendants fail to identify how they will be *irreparably* harmed if their Replies remain stricken. The matter is set for hearing on December 18, 2025. Naphcare Defendants are the moving parties and thus, had ample time to develop their various arguments before motions were ever filed. Assuming this Court even considers Naphcare Defendants' untimely motion to dismiss (filed 18 days late and without leave of court) at the December 18th hearing, Naphcare Defendants will presumably have an opportunity to respond in oral argument to Plaintiffs' respective opposition papers. Thus, there is no "irreparable" harm to Naphcare Defendants in this Court denying Naphcare Defendants another bite at the proverbial apple by allowing a late-filed consolidated reply. Naphcare Defendants also do not qualify for *ex parte* relief because they in fact created the circumstances leading to the Court striking their Replies by not consolidating their briefs as they were repeatedly told to do. Finally, Naphcare Defendants cannot meet the *excusable* neglect standard as this is not the first time their unconsolidated briefings have been stricken on the same grounds.

Like all the other parties in this action, Garcia/Ramirez plaintiffs were required to consolidate their oppositions to the motions to dismiss filed by the County Defendants and Naphcare Defendants into one 25-page response. Naphcare is not being treated unfairly – all of the parties have had to condense their briefs to meet the requirements of the Court's Standing Order. Contrary to Naphcare Defendants' assertion, Plaintiffs are prejudiced by this Court allowing

3

PLAINTIFFS GARCIA/RAMIREZ'S OPPOSITION TO NAPHCARE DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM ORDER STRIKING REPLIES [DKT. 51]

late-filed Reply briefs from Naphcare. Already Plaintiffs were prejudiced when Naphcare waited until October 28th to file its consolidated motion to dimiss Plaintiffs' complaints. Plaintiffs had 18 days less time to respond to Naphcare Defendants' arguments versus the time they had to respond to the County's arguments. Naphcare again delayed in seeking the instant relief by not filing its *ex parte* paperwork until December 11th, despite the fact that it knew on December 5th that its replies had been stricken. Even now, Naphcare could have submitted a proposed consolidated reply with its *ex parte* papers but failed to do so, leaving Plaintiffs guessing at what Naphcare's final arguments will be mere days before the December 18th hearing. Plaintiffs do not wish to delay the December 18th hearing as defendants have relied on the pleadings not yet being settled to avoid disclosing to Plaintiffs vital video and document discovery in the County defendants' possession. Any further delay would most certainly prejudice Plaintiffs as the 2-year statute of limitations is fast approaching and the identities of DOE defendants remains unascertained.

      Naphcare's argument that it reasonably construed the Court's Standing Order to mean that only *moving* papers required consolidation lacks merit. The Court reminded all the parties, including Naphcare on October 28, 2025, at Dkt. 39 that the Court's Standing Order applied to both moving for relief and opposing relief. Here, Garcia/Ramirez Plaintiffs complied with the Standing Order by consolidating what would have been two separate 25-page opposition briefs down to one 25-page opposition brief in response to both County Defendants' and Naphcare Defendants' motions to dismiss. Naphcare did not so comply with its Replies. Nor did Naphcare offer any declaration at the time of filing its replies supporting that it made "every effort" to coordinate and consolidate its briefing.

      Instead, Naphcare has again violated the court's standing order for a third time. Finally, most of what Naphcare argues in the replies to the Garcia/Ramirez

4

PLAINTIFFS GARCIA/RAMIREZ'S OPPOSITION TO NAPHCARE DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM ORDER STRIKING REPLIES [DKT. 51]

plaintiffs and the Benitez/Quintero plaintiffs overlaps and thus, could have been consolidated as required by the Court.

V. **Conclusion**

For the reasons set forth herein, Garcia/Ramirez Plaintiffs respectfully request that this Court deny Naphcare Defendants' request for *ex parte* relief from the Court's Order striking the Naphcare Defendants' Reply briefs.

Respectfully Submitted,

Date:  December 12, 2025        / s/ Maurizio Mangini
                                Attorney for Plaintiffs Estate of Conejo;
                                and Guadalupe Conejo Ramirez


Dated:  December 12, 2025       /s/ Suzanne Skolnick
                                Attorney for Plaintiffs Estate of Conejo;
                                and Guadalupe Conejo Ramirez