Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Marguerite L. Jonak (State Bar No. 143979)
 *marguerite.jonak@manningkass.com*
David Fleck (State Bar No. 192912)
 *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, NAPHCARE, INC. and NAPHCARE OF SAN DIEGO, LLC and NHI NGOC DAI

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA BENITEZ, an individual and as successor-in-interest to Decedent JOSE RAMON CERVANTES CONEJO; and JOSE ALBERTO QUINTERO, individually and as successor-in-interest to Decedent JOSE RAMON CERVANTES CORNEJO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CITY OF ESCONDIDO; JAMES ALBERGO; PAUL MATA; DANA CASTLEBERRY; NHI NGOC DAI; NAPHCARE, INC.; NAPHCARE OF SAN DIEGO, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED CASES. | Case No. 3:25-CV-1143-TWR-DDL<br>Consolidated with: 3:25-cv-1823<br><br>**NAPHCARE DEFENDANTS' REPLY BRIEF IN RESPONSE TO: (1) PLAINTIFFS BENITEZ AND QUINTEROS' OPPOSITION AND (2) PLAINTIFFS (a) ESTATE OF CONEJO AND (b) GUADALUPE RAMIREZ'S CONSOLIDATED OPPOSITIONS TO: COUNTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT and NAPHCARE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD: Defendants Nhi Ngoc Dai ("Defendant Dai"), NaphCare, Inc. and NaphCare of San Diego, LLC

("NaphCare"), Does 31-35, and Does 41-50[1] ("NaphCare Defendants") file this reply brief in support of their Motion to Dismiss as follows:

    1.    In Support of Its Motion to Dismiss Plaintiffs Maritza Benitez and Jose Alberto Quintero's ("Plaintiffs Benitez-Quintero") Complaint for failure to state a claim as to (1) the Estate's first claim for § 1983 for interference with familial relationship against NaphCare Defendants, (2) the third claim for failure to provide medical care/condition of confinement § 1983 Right of Association against Dai, (3) Plaintiffs' ("Successors-in-Interest Claims") fourth claim for Due Process – Deprivation of Life Without Due Process (42 U.S.C. § 1983) against NaphCare Defendants, (4) Plaintiffs' ("Successors-in-Interest Claims") fifth claim under Monell Municipal Liability (unlawful practice) against NaphCare, (5) Plaintiffs' ("Successor-in-Interests Claims") sixth claim under *Monell* Municipal Liability (inadequate training) against NaphCare, (6) Plaintiffs' seventh claim for Wrongful Death under state law (California Civil Code § 377.60) against NaphCare Defendants (7) Plaintiffs' eighth claim for Negligence (wrongful death) against NaphCare Defendants, (8) Plaintiffs' ninth claim for Violation of Government Code § 845.6 – Failure to Provide Immediate Medical Care against NaphCare Defendants (9) Plaintiffs' eleventh for the Bane Act claim under § 52.1 against NaphCare Defendants and (10) Plaintiffs' twelfth claim for medical negligence against NaphCare Defendants. See ECF Document ["Doc."]

    2.    In Support of Its Motion to Dismiss Plaintiff Fabian Cervantes Garcia as successor-in-interest to the Estate of Jose Ramon Cervantes Conejo's and Guadalupe Conejo Ramirez's, an individual, (collectively, "Plaintiffs Garcia-Ramirez") Second Amended Complaint for failure to state a claim as to (1) the Estate's first claim for §

---

[1] Plaintiffs fail to designate the Does as NaphCare employees, but to the extent that Plaintiffs intend to allege any of these Does are NaphCare employees, they are included herein as Does 31-35. See SAC ¶ 21.

1983 Deliberate Indifference against Dai, (2) Ramirez's second claim for § 1983 Right of Association against Dai, (3) the Estate's fifth claim for Monell Municipal Liability against NaphCare, (4) Ramirez's sixth claim for Wrongful Death § 377.60 against NaphCare Defendants, (5) the Estate's seventh claim for Negligence against NaphCare Defendants, and (6) the Estate's eighth claim for the Bane Act under § 52.1 against NaphCare Defendants. See Second Amended Complaint, Doc. 15. ["SAC"][2]

DATED:  December 17, 2025          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**

                                   By:  */s/ David L. Fleck*
                                        Eugene P. Ramirez
                                        Marguerite L. Jonak
                                        David L. Fleck
                                        Attorneys for Defendants, NAPHCARE, INC., NAPHCARE OF SAN DIEGO, LLC, and NHI NGOC DAI

---

[2] Though each set of Plaintiffs filed their own Oppositions, this Court Ordered that NaphCare Defendants respond to both Oppositions in one consolidated reply brief.

# REPLY BRIEF

## I. INTRODUCTION

### A. Plaintiffs' Benitez-Quintero's Opposition

Plaintiffs Benitez-Quintero's Opposition fails to cure the defects identified in NaphCare's Motion to Dismiss (ECF ("Doc.") No. 38) and instead reinforces that the Complaint cannot be amended to state a viable claim. It offers no explanation for Plaintiffs' failure to satisfy standing requirements or reconcile contradictions in the competing complaints, and it ignores core arguments concerning notice, group pleading, and the absence of any allegation that Defendant Dai acted under color of state law. Nor does it address the substantive defects in the federal and state claims, providing no authority for a familial-association theory, no response to the due-process or deliberate-indifference deficiencies, and no facts tying NaphCare to a constitutional deprivation. Without remedy, the Complaint must be dismissed.

### B. Plaintiffs' Garcia-Ramirez's Opposition

As a preliminary matter, Defendants' motion to dismiss is timely under Local Rule 7.1 and the Court's modified briefing schedule, as the motion was submitted on October 10, 2025 and the combined motion on October 28, 2025, before the twenty-eight day deadline for the December 18, 2025 hearing.

The Opposition does not meaningfully respond to the defects identified in NaphCare's motion. *See* Doc. 43. The SAC conflates the acts, duties, and knowledge of all medical personnel, and does not specify individualized conduct or intent. The SAC has no facts showing how any act attributed to NaphCare, or to its only identified employee, Defendant Dai, caused or contributed to Decedent fatally striking his head. *See* SAC ¶¶ 38–42. Nor does the SAC link NaphCare actions to a constitutional violation. The SAC fails to identify any NaphCare-specific policy to support *Monell* liability. The Opposition advances internally inconsistent position by invoking Government Code section 845.6, which applies only to public entities and public employees. With no cognizable claim, the SAC must be dismissed as to NaphCare.

## II. ARGUMENT AGAINST PLAINTIFFS BENITEZ-QUINTERO's OPPOSITION

### A. Plaintiffs' Complaint Fails To Support Standing

Rather than address the defects, Plaintiffs Benitez-Quintero set forth new arguments. Regarding standing, Plaintiffs claim Ms. Benitez is the "legal and natural spouse" of Decedent, Quintero is "a family member" living with and financially dependent on him, and both are "successor[s] in interest." Doc. 45, 9-10. These bare assertions are insufficient. Benitez-Quintero fail, without explanation, to comply with Cal. Civ. Proc. Code § 377.32, mandating a verified successor-in-interest declaration containing specific statutory information and a certified death certificate. *Estate of Hatfield v. Cnty. of Lake*, 2012 WL 1949327, at *1–2 (N.D. Cal. May 29, 2012). Plaintiffs filed no declaration or attachments, warranting dismissal.

Second, the Complaint sets forth contradictory allegations and records showing that Ms. Benitez and Decedent were estranged and that he was divorced at the time of death, undermining her standing as a spouse. The Opposition compounds the inconsistency by asserting that Ms. Benitez is the legal spouse and describing Mr. Quintero as the "child of a putative spouse," even though the Complaint does not allege that he is Decedent's stepchild or Ms. Benitez's son. These omissions are material, and from the face of the pleading, standing cannot be shown. Plaintiffs gesture toward a putative-spouse theory to establish standing, but the Complaint does not allege Ms. Benitez is the Decedent's putative spouse. Neither the Complaint nor the Opposition demonstrate good-faith belief in a valid marriage at the time of death. *See Ceja v. Rudolph & Sletten, Inc.*, 56 Cal. 4th 1113, 1126 (2013). Plaintiffs' inconsistent facts and failure to show a reasonable belief in a valid marriage foreclose a putative-spouse theory.

### B. Plaintiffs' Complaint Fails to Provide Sufficient Notice

The Complaint should be dismissed for insufficient notice. "[A] complaint which lumps together . . . multiple defendants in one broad allegation fails to satisfy

2
NAPHCARE DEFENDANTS' CONSOLIDATED REPLY TO BENITEZ-QUINTERO AND GARCIA-RAMIREZ

the notice requirement of Rule 8(a)(2)." *See Adobe Svs. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). Plaintiffs' Complaint imposes liability by bundling the actions of all Defendants while leaving out information germane to liability. See Compl. ¶¶ 39, 46, 47, 53-56, 66-74, 80-90, 94, 103, 107, 116-118, 127-137, 142-145, 153-156, 159-171. This generalized pleading is impermissible.

Plaintiffs' reliance on vague, conclusory assertions regarding what each defendant, including Does, allegedly knew or did is especially problematic, lacking facts showcasing how defendants were personally involved in the deprivation of civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiffs must name the individuals when the cause of action is predicated on 42 U.S.C. § 1983 because Plaintiffs seek to impose liability on individuals acting under color of state law for the deprivation of rights. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)(emphasis added). "[C]ourts [have dismissed] claims against Doe Defendants when the complaint – especially for § 1983 suits – does not even minimally explain how any of the unidentified parties the plaintiff seeks to sue personally caused a violation of the plaintiffs constitutional rights." *Lomeli v. Cnty. of San Diego*, 637 F.Supp. 3d 1046, 1057 (S.D. Cal. 2022) (quotations omitted) (cleaned up). Plaintiffs have not met (nor does the Opposition purport to have met) the pleading threshold. In actuality, the Complaint neither alleges specific facts showing how each defendant, including each Doe defendant, personally violated their rights nor does it identify the particular theory of liability asserted against them.

### C. Plaintiffs' Complaint Fails to State a Claim Under 1983

"To establish § 1983 liability, a plaintiff must show both (1) the deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Plaintiffs Benitez-Quintero offer no explanation for the Complaint's failure to allege that Defendant Dai was acting under color of law. The deficiency is even more pronounced as to Does 41–50

because the Complaint does not "even minimally explain how any of the unidentified parties ... personally caused a violation of [the claimant's] constitutional rights." *Estate of Serna v. Cty. of San Diego*, 2022 WL 827123, at *3. On these defects alone, all § 1983 claims against Dai and Does 41–50 must fail.

### 1. **Plaintiffs Fail to Support Loss of Familial Association**

The loss of association claim fails for two reasons. First, the Opposition identifies no authority establishing a liberty interest permitting a spouse to bring a right of association claim under § 1983. See Doc. 45 at 7–8. The Ninth Circuit has long limited this claim to the parent-child relationship. *See J.P. v. Cty of Alameda*, 803 F. App'x 106, 109 (9th Cir. 2020). Therefore, Ms. Benitez's claim fails as a matter of law. Mr. Quintero's claim for familial association also fails. The Complaint does not allege that he is Decedent's child, thus failing under the Fourteenth Amendment to identify the specific relationship that gives rise to a protectable liberty interest. Absent such facts, there is no cognizable familial association theory.

### 2. **Plaintiffs Fail to Support Medical Needs/Deliberate Indifference**

Plaintiffs Benitez-Quintero do not address arguments made by NaphCare or Defendant Dai as to the third cause of action. *See* Doc. 45 at pp. 11-14.

### 3. **Plaintiffs Fail to Support Due Process Claim Against NaphCare**

The Opposition does not provide support for the due process claims within the Complaint. See Doc. 45 at 14. Plaintiffs repeat conclusory statements about a deprivation of rights without addressing the elements required or specifying whether Plaintiffs assert substantive or procedural due process, individually or on behalf of the estate. See Compl. ¶¶ 77–91. Due process requires a showing of a constitutionally protected liberty or property interest. *See Benn v. Cnty. of Los Angeles*, 150 Cal. App. 4th 478, 489 (2007). For procedural due process, plaintiff must show a protected interest, a governmental deprivation, and a lack of process. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011). For substantive due process, plaintiff must show government action that "shocks the conscience or

interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

The Complaint includes no facts connecting Defendants Dai, the NaphCare entities, or Does 41–50 to any deprivation of a protected interest and no allegations linking their conduct to Decedent's transfer to Palomar Medical Center. See Compl. ¶¶ 77–91. As pled, no viable due process claim is stated.

4. **Plaintiffs Fail to Support *Monell* Claim Against NaphCare**

The fifth and sixth Monell claims, pleaded as survival actions, fail at the outset because Plaintiffs did not comply with C.C.P. § 377.32. Even setting that procedural defect aside, the Complaint fails to state a claim for *Monell* liability. "[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury," *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011), and a single unconstitutional act by a non-policymaker is insufficient. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–34 (9th Cir. 1989). Plaintiffs' Complaint does not identify a NaphCare policy, custom, or practice as the "moving force" behind a constitutional injury, instead attributing all "policies" to the County and NaphCare as one. See Compl. ¶¶ 92–125. For example, Plaintiffs' claim that NaphCare maintained a "long-standing unconstitutional policy" related to arrests is implausible because NaphCare has no role in the arrest process. See Compl. ¶¶ 97– 98, 107.

Plaintiffs also attempt to attribute liability to NaphCare based on *Monell* failure to train. To establish such a claim, the alleged training deficiency must reflect deliberate indifference toward those with whom employees are likely to interact. *See Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) ("[the plaintiff] must allege facts to show that [the defendant] disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights."). The Opposition makes reference to a "patently obvious" failure to train as the basis for *Monell*

liability; however, neither the Opposition nor Complaint show a training failure on the part of NaphCare. It is unclear what training deficiency Plaintiffs' attribute to NaphCare or how Decedent's untimely demise was a known or obvious consequence thereof. Absent such foundational facts, Plaintiffs' *Monell* claims must be dismissed.

### D. Plaintiffs' Complaint Fails to State a Claim Under State Law

#### 1. Failure to Support Wrongful Death/Failure to Summon/Negligence

Plaintiffs' seventh and ninth causes of action for wrongful death, Cal. Civ. Proc. Code § 377.60, and for failure to summon medical care fail to state a claim against NaphCare. See Compl. ¶¶ 114–25, 141–46. Both claims rely on Cal. Gov't Code § 845.6, yet the Complaint does not plead facts that satisfy the statute or the elements of negligence necessary to support wrongful death. *See Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 105 (1992). The Complaint fails to allege a duty owed by NaphCare, who are not alleged to be jail officials. NaphCare employed Defendant Dai, who provided medical care and was uninvolved in Decedent's alleged fall, breaking the causal chain necessary for negligence or wrongful death liability.

The ninth cause of action fails for the additional reason that § 845.6 applies only to public entities or public employees. Cal. Gov't Code § 845.6. Plaintiffs plead no facts showing how a private contractor such as NaphCare could be liable under a statute that governs only public actors. California courts further limit § 845.6 liability to the failure to summon care, not the **adequacy** of care provided. *See Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1072 (2013). Because Decedent received some form of medical care, any theory premised on inadequate treatment is foreclosed. Compl. ¶ 44; *See Lapachet v. Cal. Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1197 (E.D. Cal. 2018). Plaintiffs plead no facts showing any NaphCare employee had "actual or constructive knowledge" of a serious and immediate need for care. *See Johnson v. Cnty. of Los Angeles*, 191 Cal. Rptr. 704, 717 (Ct. App. 1983). On the face of the Complaint, Defendant Dai administered care and the generalized assertions that "Defendants" failed to provide care or proper housing are facially

inconsistent and fail to state a claim.

For negligence, Plaintiffs must plead duty, breach, and causation. *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1093 (2004). The Complaint alleges none of these elements as to NaphCare. Nor does it identify any specific conduct by NaphCare or its employees supporting liability under § 845.6 or § 377.60. If Plaintiffs intend to treat NaphCare as a public entity, Cal. Gov't Code § 815 would bar the claim entirely.

Accordingly, the Complaint fails to state a wrongful death or failure-to-summon claim against NaphCare.

### 2. **Failure to Support the Bane Act Violation Claim**

Plaintiffs' eleventh cause of action under the Bane Act fails to state a claim against NaphCare Defendants. See Compl. ¶¶ 152–57. It is subject to dismissal for lack of standing. Substantively, the essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law. *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 791 (2017) (quoting Cal. Civ. Code § 52.1). "The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022).

"A plaintiff bringing a Bane Act claim must prove 'two distinct elements': '(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion.'" *Cisneros v. Vangilder*, No. 16-CV-00735- HSG, 2019 WL 285800, at *6 (N.D. Cal. Jan. 22, 2019). Specific intent to violate decedent's rights must be established. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043–44 (9th Cir. 2018). As discussed above, Plaintiffs have not adequately pleaded a deliberate indifference claim against NaphCare or any NaphCare employee and allege no facts linking any NaphCare Defendant's conduct to an intentional interference with

Decedent's rights by threats, intimidation, or coercion. The Opposition also fails to address any factual basis specific to NaphCare for liability under the Act. The Bane Act claim therefore fails as a matter of law.

### 3. Failure to Support the Medical Negligence Claim

Professional negligence requires: "(1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Doe v. United States*, 704 F. Supp. 3d 1049, 1055 (C.D. Cal. 2023) (citing *Turpin v. Sortini*, 31 Cal. 3d 220 (1982)). This claim fails at the outset for lack of standing. It also fails on the merits because the Complaint does not distinguish between negligence and medical negligence and alleges only a duty of "ordinary care," which is not the professional standard required under California law. See Compl. ¶¶ 166–67. The pleading identifies no specific profession, no professional duty, and no facts satisfying the elements set out above. For the same reasons the general negligence claim fails, the medical negligence claim likewise cannot proceed.

## III. ARGUMENT AGAINST PLAINTIFFS GARCIA-RAMIREZ OPPOSITION

### A. Plaintiffs' SAC Fails to Provide Sufficient Notice

In Opposition, Plaintiffs Garcia-Ramirez try to argue that the SAC imputes liability to Defendant Dai based on the knowledge of County employees RN Paul Mata and Dana Castleberry. See Doc 43, at 2:17. The Opposition misunderstands the pleading standard when responding to NaphCare's "notice pleading" argument. See *id.* at 5-6. Indeed, (1) Doe pleading still requires Plaintiff to plead the particularized acts and (2) vague and conclusory allegations are not permissible.

The SAC fails to provide sufficient notice because it bundles the actions of some or all Defendants while omitting germane information to impute liability. See SAC ¶¶ 30, 32, 35, 38, 46-56, 60-61, 65, 103-104, 126-128, 131, 136-141, 156-161,

164. The SAC fails to clarify the identities and actions of Does Defendants. See SAC ¶¶ 16, 22, 51-56. "[A] complaint which lumps together . . . multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." *Adobe Svs. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). Even using the Doe moniker, a plaintiff still "must allege specific facts showing how each particular Doe defendant violated his rights." *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). Plaintiffs failed to meet this requirement.[3]

A recent decision on a motion to dismiss out of the Central District proves instructive when illustrating the need to plead with specificity. *See Wiggins v. Cnty. of Riverside*, 5:24-CV-02405-SVW-DTB, 2025 WL 2005481, at *2-4 (C.D. Cal. June 9, 2025)(declining to accept conclusory allegations where complaint failed to state how each defendant became aware of Plaintiffs seizure regarding 1983 claims.) The SAC cannot "lump[] all defendants together, and allege[], with no supporting detail, that each defendant had notice of his condition and caused him to be on a top bunk. That is improper." *Id.* A complaint "demand[s] more than unadorned, the-defendant-unlawfully-harmed me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 658 (2009) (*Iqbal*), *quoting Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (*Twombly*).

Here, the SAC fails to delineate the specific theories of liability asserted against each defendant, particularly with respect to the alleged failure to provide medical care. On its face, the pleading reflects that Decedent remained at VDF only a few hours before being transported to a hospital after sustaining a head injury under one of three possible scenarios – **none of which bear any connection to the actions of NaphCare or its employees**. The SAC fails to discern the knowledge of each defendant. For example, the SAC states: "Defendants MATA, CASTLEBERRY, DAI and DOES 1

---

[3] Does 1-4 likewise should be dismissed as the SAC does not "even minimally explain how any of the unidentified parties ... personally caused a violation of [the claimant's] constitutional rights." Estate of Serna v. Cty. of San Diego, No. 20-cv-2096-LAB, 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022)

to 30 knew that [Decedent] had been vomiting, was disoriented, had tremors, was intoxicated, in withdrawal, had slurred speech, an unsteady gait, and suffered from seizures." SAC ¶ 47. But as detailed in the single allegation against Dai, no such symptoms were discussed. SAC ¶ 36.

### B. Plaintiffs' SAC Fails to State a Claim For Deliberate Indifference

There are no facts to state a claim for deliberate indifference on the part of NaphCare Defendants, including any attributable Doe Defendant. Regarding Decedent's alleged seizure condition, the SAC admits Defendant Dai prescribed Keppra, a seizure medication, and recommended a low bunk assignment. See SAC ¶ 36. Regarding Decedent's alleged alcohol use and withdrawal symptoms, Plaintiffs admit Dai ordered Diazepam and a low bunk assignment. See *id.* As pled, Plaintiffs' allegations admit Defendant Dai was not deliberately indifferent to Decedent's alleged serious medical needs.

Similarly, Plaintiffs allege that "Dai failed to order [] specialized housing for [Decedent]." However, Plaintiffs fail to allege that Defendant Dai, as a third party provider, was in any way responsible for housing assignment. In addition, as already detailed, Plaintiffs admit that Defendant Dai recommended a "low bunk" in her assessment plan. See SAC ¶ 36. Accordingly, again, Plaintiffs admit Defendant Dai took action to abate any risk and Plaintiffs' allegations fail.

#### 1. <u>Deliberate Indifference Cannot Be Based On Vicarious Liability</u>

Garcia-Ramirez' Opposition disregards the foundational rule that Section 1983 liability cannot rest on respondeat superior. See Doc. 43, 7:10–11:11. It offers no explanation of how Defendant Dai personally acted with deliberate indifference and instead relies on broad, unsupported assertions while attacking NaphCare's accurate observation that the SAC contains only one allegation describing Dai's involvement in Decedent's care. The remaining allegations mirror the Opposition and rest entirely on vicarious theories. Dismissal is warranted where a complaint fails to "say which wrongs were committed by which defendants" even when it "identif[ies] the statutes

or constitutional provisions making the conduct wrong." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996). Here, the SAC improperly lumps together the actions of County Nurse Mata, County Nurse Castleberry, NaphCare Physician Assistant Dai, and Does 1–30 without distinguishing their roles or conduct. See SAC ¶¶ 47–56. That defect alone requires dismissal. *See Wiggins*, 2025 WL 2005481.

The SAC's first claim for deliberate indifference likewise fails because it does not explain how each defendant personally participated in any alleged deprivation of Decedent's Fourteenth Amendment rights. See SAC ¶¶ 45–58. The SAC instead asserts, without factual support, that "DAI knew that Mr. Conejo was exhibiting life-threatening alcohol withdrawal symptoms and that he required immediate emergency room treatment." *Id.* Allegations regarding assessments by Nurse Mata do not clarify whether they occurred before or after Dai's involvement, see SAC ¶¶ 33–34, and the same ambiguity exists regarding the assessment by Nurse Castleberry. See SAC ¶ 37. Only Dai's alleged assessment contains a time stamp, and nothing in the SAC alleges that she reviewed any other medical records before preparing her assessment plan. See SAC ¶ 36. Consequently, the SAC's collective and conclusory assertions are insufficiently pled for 1983 purposes.

2.       **Plaintiffs Fail to Identify Cognizable Serious Medical Issue**

Here, the SAC concludes only that Decedent sustained a head injury that caused his death. See SAC ¶¶ 38–42. The SAC never explains what caused the fall, nor does it connect the fall to any act or omission by NaphCare or its employees. Interpreting the serious medical need as a seizure condition, the SAC contains no allegation that Decedent made Defendants aware of this condition. See SAC ¶¶ 30–34, 30–42. Interpreting the need as alcohol withdrawal, this fails because the SAC does not allege intentional decisions by individual defendants regarding conditions of Decedent's confinement. *See Fraihat v. Immigr. & Customs Enf't*, 16 F.4th 613, 636 (9th Cir. 2021). The SAC fails to identify a serious medical need attributable to any NaphCare Defendant or to link that need to the head injury that caused Decedent's death.

### 3. Plaintiffs Fail to Establish Causation

If, *arguendo*, the Court finds that Plaintiffs have adequately pled the first three Gordon factors, the SAC still does not allege how Defendant Dai or any Doe caused Decedent's injuries or death. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). The SAC asserts only that Decedent died from a head injury, see SAC ¶¶ 38–42, and jail staff reported that he rolled off a bench. See id. ¶¶ 38, 41. The alternative theories Plaintiffs raise, including a fall from a top bunk or "physical injuries from interactions with other inmates," do not implicate Dai or any NaphCare Doe. See *id.* Plaintiffs also fail to tie any alleged seizure condition or alcohol withdrawal to the fall or the death.

The SAC likewise pleads no facts showing that Dai or any NaphCare Doe committed an intentional act that caused harm. The only allegation concerning Dai reflects that she created a medical assessment plan, ordered medications, and recommended a low bunk. See SAC ¶ 36. No other assessment allegations identify her conduct. See SAC ¶¶ 33–34. The SAC further acknowledges that Decedent refused some medical care and medications. See SAC ¶¶ 33–39. There is no alleged connection between Dai's actions and the head injury that caused Decedent's death.

### C. Plaintiffs' SAC Fails to State a Familial Relationship Loss Claim

To state a loss of familial relationship claim, a plaintiff must allege that government actors deprived the plaintiff of a protected liberty interest and that the conduct "shocks the conscience." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). The Opposition treats this claim as derivative of the deliberate indifference claim, but the SAC does not allege any individualized conduct that could support it. See Doc. 43 at 11:12–13:26. Instead, with the exception of one paragraph concerning Defendant Dai, the SAC attributes collective conduct to all defendants and relies on vicarious liability, which is impermissible under Section 1983. See SAC ¶¶ 59–67. Because the SAC pleads no direct, specific actions by any NaphCare Defendant that could satisfy the required standard, the familial association claim cannot proceed.

### D. Plaintiffs' SAC Fails to State a Claim for *Monell* Liability

The fifth claim (*Monell*) fails because the SAC does not distinguish NaphCare policy from County policy. See SAC ¶¶ 99–123. The Opposition overlooks that Plaintiffs **must** show a policy or custom that "reflects deliberate indifference to the constitutional rights of [the municipality's] inhabitants" and a "direct causal link between a municipal policy … and the alleged constitutional deprivation." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073, 1074–75 (9th Cir. 2016); see Doc. 43 at 15:26–19:17. Identifying a policy in the abstract is not enough; Plaintiffs must allege that NaphCare adhered to such a policy with deliberate indifference. *Id.* at 1075.

Here, NaphCare and the County are distinct entities, and the SAC alleges no NaphCare-specific policy involving bunk assignments or inmate housing. Plaintiffs instead offer collective and undifferentiated policy allegations and rely on unrelated authority not pleaded in the SAC. See Doc. 43 at 18:15–25. The SAC further fails to allege facts showing a NaphCare custom or practice was the "moving force" behind a constitutional deprivation, instead conflating all VDF defendants' policies while identifying only County-specific practices. References to "long-standing unconstitutional policy," "denial of medical care," and unrelated cases have no connection to NaphCare. The fifth cause of action therefore fails against NaphCare.

### E. Plaintiffs' SAC Fails to State a Wrongful Death/Negligence Claim

Claims six and seven for wrongful death and negligence fail for the same causal reasons discussed above and because Plaintiffs themselves allege that Defendant Dai provided medical care. A wrongful death claim must plead all elements of actionable negligence, including duty, breach, and proximate causation. *Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 105 (1992). The SAC alleges that Decedent rolled off a bench and fatally struck his head. See SAC ¶¶ 39–42. Plaintiffs offer no facts showing that Dai was involved in or aware of this incident. As with the other claims, Plaintiffs assert only collective allegations that "Defendants" negligently monitored Decedent, provided improper housing, or failed to summon care. See SAC ¶¶ 138–

41, 146. They plead no facts explaining how a third-party contractor could be responsible for inmate housing or monitoring, nor do they differentiate the conduct of any individual defendant.

California law further forecloses liability where medical care was provided. "[I]nadequate medical treatment does not provide the basis for asserting a claim under § 845.6 as long as medical treatment was in fact provided." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1197 (E.D. Cal. 2018). Section 845.6 "does not extend to furnishing, monitoring, follow-up, or subsequent care." *Id.* (quoting *Estate of Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1117 (E.D. Cal. 2013)). The SAC admits Dai ordered Diazepam, prescribed Keppra, and recommended a low bunk. See SAC ¶ 36. Because Decedent received medical care, and there are no facts connecting NaphCare to the injury mechanism, neither claim can proceed.

### E. Plaintiffs' SAC Fails to State a Claim for Bane Act Violations

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022), *see also Brink v. Cnty. of San Diego*, 23CV1756 DMS (SBC), 2024 WL 3315992, at *7 (S.D. Cal. July 3, 2024). Importantly, specific intent to violate decedent's rights must be established. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018). "The Bane Act imposes an additional requirement beyond a finding of a constitutional violation." *Id.* at 1043. Here, as already explained, the SAC does not plead a viable deliberate indifference claim against NaphCare or any NaphCare employee. It identifies no purposeful act taken with the specific intent required under the Bane Act, and it alleges no facts showing a causal link between any conduct attributable to NaphCare and the asserted constitutional deprivation.

### E. Plaintiffs' SAC Fails Against NaphCare For Qualified Immunity

The doctrine of "[q]ualified immunity strikes a balance between compensating those who have been injured by official conduct and protecting government's ability

to perform its traditional functions." *Wyatt v. Cole*, 504 U.S. 158, 167 (1992). The Opposition overlooks the legal dilemma identified in NaphCare's Motion: federal and state law recognize immunities for public entities and state actors, yet the application of those protections to third party medical contractors remains an unsettled area of law. See Doc. 38 at 18:13–19:16; compare Doc. 43 at 19:18–20:1, 24:5–25:15.4

If Plaintiffs seek to treat NaphCare as a public entity, California Government Code section 815 would bar liability for actions taken by public employees. And because section 845.6 provides that "[n]either a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody," Plaintiffs have not plausibly alleged how a private contractor such as NaphCare could be subject to liability under a statute that, by its terms, applies only to public actors. *See Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1072 (2013); *Nelson v. State of California*, 139 Cal. App. 3d 72, 81 (1982). Count Six should therefore be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs Benitez-Quintero's Complaint suffers from fundamental standing, notice, and substantive defects and fails to allege facts sufficient to state any claim against NaphCare Defendants under federal or state law, warranting dismissal as to NaphCare without leave to amend. Plaintiffs Garcia-Ramirez's SAC failed to plead individualized conduct under Section 1983, a causal link to the cause of Decedent's death, and relied on collective and legally inconsistent theories of liability. Garcia-Ramirez's SAC does not state any cognizable claim against the NaphCare Defendants. The SAC cannot maintain any federal or state claims against NaphCare, warranting dismissal of the SAC as to NaphCare.

15
NAPHCARE DEFENDANTS' CONSOLIDATED REPLY TO BENITEZ-QUINTERO AND GARCIA-RAMIREZ

| | | |
|---|---|---|
| 1 | DATED: December 17, 2025 | **MANNING & KASS** |
| 2 | | **ELLROD, RAMIREZ, TRESTER LLP** |
| 4 | | By: _/s/ David L. Fleck_ |
| 5 | | Eugene P. Ramirez |
| 6 | | Marguerite L. Jonak |
| 7 | | David L. Fleck |
| 8 | | Attorneys for Defendants, NAPHCARE, INC., NAPHCARE OF SAN DIEGO, LLC, and NHI NGOC DAI |