MAURIZIO A. MANGINI, Esq. Bar #158432
2424 Vista Way, Suite 200
Oceanside, CA 92054
Tel: 760-722-7567
Email: mmangini@northcountylaw.com

SUZANNE SKOLNICK, Esq., Bar #211076
2170 S. El Camino Real, #206
Oceanside, CA 92054
Telephone:  (760) 585-7092
Email:  suzanne@skolnicklawgroup.com
Attorneys for Plaintiffs, Estate of Jose Ramon Cervantes Conejo; Guadalupe Conejo Ramirez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOSE RAMON CERVANTES CONEJO by and through its Substituted Successor-In-Interest, FABIAN CERVANTES GARCIA; And GUADALUPE CONEJO RAMIREZ,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; PAUL MATA; DANA CASTLEBERRY; NHI NGOC DAI; NAPHCARE, INC.; NAPHCARE OF SAN DIEGO, LLC; NOMINAL DEFENDANT MARITZA BENITEZ; NOMINAL DEFENDANT JOSE ALBERTO QUINTERO and DOES 1-35, Inclusive,<br>　　　　　Defendants. | Case Nos.: 25-CV-01143 TWR (DDL); 25-CV-01823 TWR (DDL)<br><br>**PLAINTIFFS' REPLY TO COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**<br><br>**Date:**<br>**Time:**<br>**Courtroom:**<br>**Judge: Hon. David D. Leshner** |

i

## I. COUNTY CANNOT RELY UPON DISCOVERY PROCEDURES WHEN IT REFUSED PLAINTIFFS' EFFORTS TO HOLD A RULE 26F CONFERENCE TO INITIATE THE FORMAL DISCOVERY PROCESS

Plaintiffs filed the *ex parte* request because of the imminently approaching 2-year statute of limitations and because County's piecemeal production supported urgent intervention by the court. As County points out in its opposition papers – the parties have not formally commenced discovery, thus, the discovery dispute procedures have not yet been triggered, and Plaintiffs were required to take an alternative route to obtain the relief requested. County refused Plaintiffs' requests for a Rule 26f conference which would have triggered the formal discovery process. Yet County now wishes to invoke those rules and procedures to block Plaintiffs' access to vital information through the *ex parte* motion process. There is insufficient time for Plaintiffs to bring a noticed motion or hope that County will change its mind and agree to identify the jail staff in the videos and Plaintiffs must protect the interests of their clients.

## II. COUNTY'S PIECEMEAL, CHERRY-PICKED PRODUCTION IS DESIGNED TO OBSTRUCT PLAINTIFFS FROM IDENTIFYING DOES

County claims that Plaintiffs "suddenly" filed the *ex parte* – the reality is that County has had all the information in its possession since Plaintiffs' first public records act request made on April 15, 2024, mere days after the incident occurred. (Skolnick Decl. ¶4, Exhibit A). 21 months have passed since that request. Similarly, 21 months have passed since Plaintiffs' April 16, 2024, request to the San Diego County Medical Examiner for its reports. 4 months have passed since Plaintiffs stipulated to a protective order to facilitate the early exchange of documents with the County and 3 months have passed since the October 28, 2025 deadline the parties agreed to for informally exchanging documents. There is nothing "sudden" about Plaintiffs reaching a point where the

1

**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**

only acceptable path forward is judicial intervention. Plaintiffs have had to fight for every item produced, while County cherry-picked evidence and produced on a piecemeal basis in a manner designed to keep plaintiffs from knowing the identities of those appearing in the videos and who did or did not check on Mr. Conejo during the time he was housed at the Vista jail.

Even with the videos County has produced, it is now evident that they were cherry-picked and edited in a manner designed to delay Plaintiffs' ability to identify DOES. Specifically, SDSO 000449 produced on November 23, 2025, is a video lasting only 27 minutes and was a truncated version of SDSO 000455 which lasts 3 hours 6 minutes and was not produced until January 16, 2026. Both videos are from the same camera. SDSO 000449 starts at 1:25 a.m. on March 29, 2024, while SDSO000455 starts at 10:45 p.m. on 3/28/24 and runs through 1:50 a.m. on March 29, 2024. There is no legitimate reason why the County would crop video SDSO 000449 *before* producing it in November and withhold the majority of the remainder of the video SDSO000455 until January 16, 2026, other than to inhibit Plaintiffs' ability to identify additional deputies and medical staff observed in the full length video. All the while, the clock was running on the 2-year statute of limitations and Plaintiffs were facing the County's 12b6 motion hearing on December 18, 2025.

Similarly, mere production of video (which has no audio and is too grainy to read the names on uniforms) without corresponding identification of those appearing in the video does not help Plaintiffs in identifying DOES. Clearly County knows the name of every individual who interacted with Mr. Conejo in the 4 hours he was at the jail and those who were assigned to be checking on Mr. Conejo during that time period. Justice requires that Plaintiffs be given the opportunity to identify the DOES by the Court ordering County to respond as it is abundantly apparent that County will not do so without court intervention.

## III.   JUDICIAL EFFICIENCY WILL BE PROMOTED BY GRANTING PLAINTIFFS' DISCOVERY MOTION

At the hearing on the pending motions to dismiss, Judge Todd Robinson stated that he would be ordering the two groups of plaintiffs to consolidate their complaints into a single pleading when he issues his order.  Thus, for judicial efficiency, it is urgent that County identify each person appearing on the videos produced now so that when the Court's decision on the 12b6 motions issues, the plaintiffs can consolidate the pleadings and name the additional defendants in the consolidated complaint.  County's request that Plaintiffs' *ex parte* be denied virtually ensures that the parties and the Court will have to go through additional rounds of 12b6 motions and amended pleadings in the future which would otherwise be unnecessary if Plaintiffs were provided the names of those in the videos now.

## IV.  PLAINTIFFS' DISCOVERY REQUESTS ARE NARROWLY TAILORED

Plaintiffs' requests are not overbroad and County's characterization of the requests spanning a "two-day period" misrepresents the actual length of time at issue which was approximately 4 hours.  In Est. of Bartolacci v. Cnty. of San Diego, 2025 U.S. Dist. LEXIS 3180, *18 (January 7, 2025) Case No:  24-cv-01156-WQH-JLB, Plaintiffs propounded Interrogatory No. 7 which sought:

"IDENTIFY each PERSON who was responsible for monitoring Roselee Bartolacci and conducting CELL CHECKS of any cell Roselee was held in during the following time periods:

(1) April 6, 2023 to April 11, 2023; and

(2) May 28, 2023 to May 29, 2023."

The Court held that the interrogatory was "narrowly tailored and would not create an undue burden on Defendants. The Special Interrogatories are narrowly tailored

3

**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**

as to timing and merely seek the identities of individuals who had specific duties or interactions with Decedent." *Id.*

Here, for example, Plaintiffs' proposed interrogatories are also narrowly tailored. Plaintiffs seek the identities of: staff who had responsibilities or interaction with Mr. Conejo (Interrogatory No. 1); staff persons that made any log entries relating to Mr. Conejo (No.2); persons held in the same cell with Mr. Conejo (No. 4); and persons who saw Mr. Conejo roll off a bench (No. 6).

Plaintiffs also seek identification of all persons appearing in the videos (No. 3) because no cell safety check logs have been produced which would identify the various staff who either entered or peered into Mr. Conejo's cell during the time he was held there or walked past it without checking on him. This request is not overly broad when due consideration is given to the short duration of time Mr. Conejo was at the jail (approx. 4 hours).

It is perplexing that County contends at page 5, line 22 of its opposition that plaintiffs' request for the identities of any witnesses to the incident is somehow "overbroad". County does not get to be the sole custodian of witness identities. Indeed, had County provided witness names to Plaintiffs earlier in public record requests made on multiple occasions – Plaintiffs could have potentially discovered facts and DOES through alternative avenues. It is precisely because County has withheld witness names for almost two years that Plaintiffs have now been forced to pursue this relief.

## V. COUNTY NEVER INFORMED PLAINTIFFS THAT THE REQUESTS WERE OVERBROAD

County's opposition suggests that further meet and confer efforts could have avoided the present motion, while simultaneously confirming it has no intention of providing additional information. When County made its latest production to Plaintiffs, its counsel did not inform Plaintiffs' counsel that it was

4

**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**

1  refusing to respond to the proposed Document Production Requests and
2  Interrogatories because they were "overbroad". Nor did County indicate that it
3  would respond to the discovery requests but required more time, or that it would
4  work with Plaintiffs to produce items that would identify those in the videos
5  produced. Instead, County simply ignored the Request for Production of
6  Documents and Interrogatory requests altogether and cherry-picked evidence it
7  would produce while offering no explanation as to why it withheld the balance.
8  Plaintiffs cannot sit idly by and hope that County will capitulate when County has
9  given Plaintiffs no indication that it intends to do so.

10  **VI.   COUNTY IS NOT BURDENED BY PRODUCING DOCUMENTS IT**
11  **HAS ALREADY GATHERED THROUGH INVESTIGATIONS**
12  **CONDUCTED BY ITS VARIOUS AGENCIES - SHERIFF'S OFFICE;**
13  **CLERB; AND THE MEDICAL EXAMINER**

14         There is no burden to the County in identifying jail staff appearing in the
15  videos. First, County should already have a log of every person who interacted
16  with Mr. Conejo. Assuming it doesn't – it should not be difficult to determine
17  who worked the 4 hour shift that night. Surely County spoke to each staff
18  member that interacted with Mr. Conejo that evening at the time it conducted its
19  various investigations through its agencies – the Sheriff's Office; CLERB and the
20  Medical Examiner. In fact, in rejecting Plaintiffs' government claim on
21  November 5, 2024, County asserted "The investigation has obliged us to conclude
22  that the claim must be rejected." (Skolnick Decl.¶37, Exhibit J). Thus, it is not
23  burdensome to County to produce documents already gathered by it in the course
24  of its investigations or to identify the custodial and medical staff on duty in the 4-
25  hour time period at issue.
26  / / /
27  / / /
28
5
**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO
PLAINTIFFS'** ***EX PARTE*** **MOTION FOR LEAVE TO CONDUCT
LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO
TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**

## VII. A RULE 26f CONFERENCE IS PAST DUE AND REFUSED BY COUNTY.

A Rule 26f conference should have occurred by now because a scheduling order is past due under Federal Rule of Civ. Proc. Rule 16(b)(2), which provides in pertinent part:

"The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

More than 90 days have elapsed since the defendants were served and therefore, according to Rule 16b, the scheduling order is "due". Additionally, Rule 26 sets the timing based on the scheduling order being "due". Thus, the Rule 26(f) conference timing is not derived from when the Rule 16 conference actually takes place or the scheduling order is issued, but rather, it is calculated from when the scheduling order is "due". Furthermore, County refused to hold a Rule 26f conference when Plaintiffs requested it. County now uses the fact that no Rule 26f conference has occurred as a shield to avoid providing the information requested. This Court should not permit County to do so and should grant Plaintiffs' reasonable request for limited discovery.

## VIII. CONCLUSION

Plaintiffs have demonstrated good cause to conduct limited expedited discovery directed at Defendant County of San Diego to preserve their rights and to identify "DOE" defendants. This Court should grant this motion and Order

///

///

6

**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**

Defendant County of San Diego to produce the requested documents and respond to the interrogatories on an expedited basis.

Respectfully submitted,

Dated: January 27, 2026    /s/ Maurizio Mangini
Maurizio Mangini, Esq., Attorney for Plaintiffs Estate of Conejo; and Guadalupe Conejo Ramirez

Respectfully submitted,

Dated: January 27, 2026    /s/ Suzanne Skolnick
Suzanne Skolnick, Esq., Attorney for Plaintiffs Estate of Conejo; and Guadalupe Conejo Ramirez

7
**PLAINTIFFS' REPLY TO COUNTY DEENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY FROM DEFENDANT COUNTY OF SAN DIEGO TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES**